UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| SCHWARTZ SIMON EDELSTEIN & CELSO, LLC, | Civil Action No. 17-4071 (SRC)(CLW) |
| Plaintiff, | OPINION |
| v. | |
| GINA RICIGLIANO, both individually and in her official capacity as a Revenue Officer of the Internal Revenue Service, and the UNITED STATES INTERNAL REVENUE SERVICE, | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion of Plaintiff Schwartz Simon Edelstein & Celso, LLC, ("Plaintiff"), brought by Order to Show Cause, for a preliminary injunction against Defendants Gina Ricigliano and the United States Internal Revenue Service (the "IRS") (collectively, "Defendants"). (ECF No. 4; ECF No. 5.) Plaintiff seeks to enjoin Defendants from issuing notices of levies to Plaintiff's clients while Plaintiff's appeals of an underlying tax obligation are pending before the IRS and the United States Tax Court. The Court has reviewed the parties' submissions and heard oral argument on the motion. For the reasons set forth below, Plaintiff's motion will be denied.

I.     BACKGROUND

In May 2014, Plaintiff and the IRS entered into an installment agreement (the "Installment Agreement"), through which Plaintiff agreed to make payments of $20,000.00 per

month to satisfy an outstanding tax liability equaling $493,891.94 as of May 2014. (ECF No. 06-3, Declaration of Clyde H. Horton, Jr. ("Clyde Decl."), Exhibit 2, Letter from Gina Ricigliano to Shwartz Simon Edelstein Celso & Kessler Ptrs dated May 8, 2014, and attached Installment Agreement ("Installment Agreement"), at 3.) Under the Installment Agreement, Plaintiff was required to timely pay any future federal taxes that it owed. (Id. at 1) The Installment Agreement provides, further, that if Plaintiff failed to meet any of its obligations, the IRS would cancel the agreement and "may collect the entire amount [Plaintiff] owe[d] by levy on [Plaintiff's] income, bank accounts or other assets, or by seizing [its] property." (Id.)

Based on the submissions to the Court on this motion, it is unclear whether the parties dispute what happened next. Defendants assert that, at some point thereafter, Plaintiff failed to timely make monthly payments under the Installment Agreement. A declaration from an IRS revenue officer, included as a part of Defendants' opposition to this motion, indicates that the purported default occurred no later than August 2015. (Clyde Decl., ¶ 15.) Thereafter, the IRS began issuing Notices of Intent to Levy to Plaintiff's clients. Based on the record before the Court, Plaintiff's clients appear to have made at least some payments to the IRS. Citing account transcripts included with their opposition papers (Clyde Decl., ¶ 16), Defendants contend that, nonetheless, as of July 2017 Plaintiff's outstanding liability for the amounts covered by the Installment Agreement—including taxes, penalties, and interest—exceeds $600,000.00.

On March 31, 2017, Plaintiff filed a petition in the United States Tax Court to challenge the amount owed. On June 6, 2017, Plaintiff commenced the instant action. Subsequently, on July 5, 2017, Plaintiff filed this motion for a preliminary injunction. Defendants oppose the motion on the grounds that the relief requested is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

## II.  LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). A Court may not grant injunctive relief, "regardless of what the equities seem to require," unless a movant carries its burden of establishing a likelihood of success on the merits and irreparable harm. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir.2000). Because preliminary injunction is an "extraordinary remedy," it should be granted only "upon a clear showing that the plaintiff is entitled to such relief." Groupe SEB USA, Inc. v. Euro-Pro Operating LLC, 774 F.3d 192, 197 (3d Cir. 2014) (quoting Winter, 555 U.S. at 22, 24).

## III.  DISCUSSION

The Anti-Injunction Act provides, in pertinent part, that "no suit for the purpose of restraining the assessment of collection of any tax shall be maintained in any court by any person, whether or not such a person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Supreme Court has recognized a judicial exception to this bar, however, if two conditions are satisfied: (1) the government cannot prevail on the merits, even if the facts and law are viewed in a light most favorable to the government; and (2) "equity jurisdiction otherwise exists" because the plaintiff meets the standard prerequisites for equitable relief, such as the absence of a remedy at law. Enochs v. Williams Packing Co., 370 U.S. 1, 7, 8 L. Ed. 2d 292, 82 S. Ct. 1125 (1962); Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37, 40 L. Ed. 2d 496, 94 S. Ct. 2038 (1974).

Here, Defendants argue that Plaintiff's motion for a preliminary injunction, insofar as it seeks to enjoin the IRS's collection activities, is barred by the Anti-Injunction Act. Thus, Defendants contend, Plaintiff cannot establish that it is likely to succeed on the merits. The Court agrees.

It is clear that, insofar as Plaintiff seeks a preliminary injunction, its claim is subject to Anti-Injunction Act. Plaintiff, however, has failed to establish that its claim falls within the narrow judicial exception to the Anti-Injunction Act. In the first place, it has failed to show that Defendants are certain to fail on the merits of this case even if the facts and law were viewed in a light most favorable to the them. Indeed, that would only be true if, viewing the evidence before the Court in a light most favorable to Defendants, no fact finder could reasonably conclude that Plaintiff owed any additional amounts to the IRS for the liabilities from which the Installment Agreement arose. Certainly, the accounting transcripts and the revenue officer's declaration justify such a conclusion, however. Indeed, Plaintiff does not even appear to assert that it owes nothing; it only contends that the amount owed is far less than the IRS claims.

Second, Plaintiff has not established an independent basis for equitable jurisdiction, as it has an adequate remedy at law. Specifically, Plaintiff can pay the unpaid taxes and penalties in full and file a claim for a refund. See Iannelli v. Long, 487 F.2d 317, 318 (3d Cir. 1973). Therefore, the Court finds that Plaintiff has failed to satisfy its burden for purposes of this motion for a preliminary injunction.

**III.    CONCLUSION**

Accordingly, for the foregoing reasons, Plaintiff's motion for a preliminary injunction (ECF No. 4, 5), pursuant to Fed. R. Civ. P. 65, is DENIED.  An appropriate order shall issue.


                                                          /s Stanley R. Chesler
                                                        STANLEY R. CHESLER
                                                        United States District Judge

Dated: September 13, 2017